# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

MICHAEL LOUIS COSTA

NO. 2025 KW 1339

**FEBRUARY 23, 2026**

---

In Re:    Michael Costa, applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 50152.

---

**BEFORE:   LANIER, WOLFE, AND HESTER, JJ.**

   **WRIT DENIED.**

EW
CHH

   **Lanier, J.,** dissents. The record does not reflect that relator has been charged with an offense that requires a Gwen's Law hearing. See La. Code Crim. P. art. 313(A)(2). Before and during a trial, a person shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great. See La. Const. art. I, § 18(A); La. Code Crim. P. art. 312(A). The purpose of bail is to assure the accused's appearance in court. See La. Code Crim. P. art. 311(1). Bail must be set according to the factors listed in La. Code Crim. P. art. 316. While relator is charged with serious offenses, he is not charged with a capital offense nor a crime of violence. Based on the information presented during the bond hearing, the record shows relator is a resident of Ascension Parish with family and employment in the parish. While relator's previous criminal record involves a marijuana offense, there was no evidence presented that relator used controlled dangerous substance during the commission of the alleged offenses. Given the foregoing, the district court's setting of bail under the standard set forth in Article 313 was improper. Thus, I would grant the writ application and remand this matter for the setting of bail in this case pursuant to Article 316.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT